UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOANNE JOHANNSEN, individually and as TRUSTEES of The JOHANNSEN FAMILY TRUST Dated October 18, 1988, and The JOHANNSEN FAMILY SURVIVORS TRUST Dated October 18, 1988,<br><br>       Plaintiffs,<br><br>   v.<br><br>MORGAN STANLEY CREDIT CORPORATION, a Delaware corporation; et al.,<br><br>       Defendants. | No. 2:11-cv-01516-MCE-KJN<br><br><br><br><br><br><br><br>MEMORANDUM AND ORDER |

Presently before the Court is Defendants' motion seeking an order compelling Plaintiffs (both Joanne Johannsen individually and in her capacity as trustee of two family trusts) to submit their claims, as set forth in the complaint on file herein, to arbitration under the auspices of the Financial Regulatory Authority, Inc. ("FINRA").

///

1

Defendants further request an order staying all proceedings in this matter pending completion of that arbitration. As set forth below, Defendants' motion will be granted.[1]

**BACKGROUND**

In approximately 2002, following the death of her husband, Plaintiff Joanne Johannsen ("Plaintiff" or "Ms. Johannsen") met Russell Abbott, a representative for Morgan Stanley Smith Barney,[2] at an investment seminar in Rocklin, California. Ms. Johannsen subsequently engaged Mr. Abbott's assistance in handling certain of her investments.

On November 21, 2002, Plaintiff opened an Individual Retirement Account with Morgan Stanley by executing an IRA Adoption Agreement. See Decl. of Russell Abbott, Ex. 1. Immediately above Plaintiff's signature on that document, a statement in bold type memorialized Ms. Johannsen's understanding that the account was governed by a predispute arbitration clause, a copy of which she acknowledged receiving.

In 2006, Plaintiff decided to purchase real property in Rocklin and was advised by Mr. Abbott that Morgan Stanley could provide the necessary financing for that transaction. Pl.'s Decl., ¶ 7.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] Plaintiffs have sued Morgan Stanley Smith Barney along with several Morgan Stanley affiliates. For purposes of this order the Court will refer to Defendants collectively as "Morgan Stanley" unless otherwise indicated.

2

In order to arrange that financing, Plaintiff, as Trustee of the so-called Survivor's Trust, executed on October 26, 2006 an Active Assets Account Agreement. Ex. 6 to Abbott Decl. That Account Agreement, in turn, incorporated the terms of the Morgan Stanley Active Assets Account Client Agreement. Id. at Ex. 7.

The Account Agreement contained a boldfaced admonition, also above Plaintiff's signature and further highlighted by placement in a box format, that confirmed Plaintiff's understanding that the Survivor's Trust Account was governed by a predispute arbitration clause, as stated within the Client Agreement, which Plaintiff acknowledged receiving. Ex. 6 at p. 11. The Client Agreement provided for arbitration as follows:

> Arbitration of Controversies*
>
> You*** agree that **all controversies between you and your principals or agents and Morgan Stanley or any of its agents** (including affiliated corporations) arising out of or concerning any of your accounts, order or transactions, or the construction, performance, or breach of this or any other agreement between the parties, **whether entered into before or after the date the Account is opened, shall be determined by arbitration only**. Such arbitration shall be conducted before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc., or any other self-regulatory organization's arbitration forum before which the controversy may be arbitrated, as you may elect. If you make no written election addressed to Morgan Stanley at 2000 Westchester Avenue, Purchase, NY 10577, Attn: Law Department by registered mail within five days after receiving a written demand for arbitration from Morgan Stanley, then you authorize Morgan Stanley to elect one of the above-listed forums for you.
>
> The rules of the selected forum, as such rules may be amended from time to time, shall govern any arbitration proceeding between the parties any interpretation of this arbitration agreement.
>
> * [Omitted]

1
2
3
       \*\*\* "You" for purposes of this provision shall mean you, your heirs, successors, assigns, agents, principals and/or any other persons having or claiming to have a legal or beneficial interest in your Account, including any court appointed trustees or receivers.

4 **Id.** at Ex. 7, p. 20 (emphasis added).

5     Following execution of the account agreement, Plaintiff
6 executed three documents on November 17, 2006, for purposes of
7 consummating the real estate transaction in her capacity as
8 Trustee of the Johannsen Family Trust.  First, she signed a
9 Pledge and Security Agreement providing the Survivor's Trust
10 Account as collateral for the $371,500 loan she received.  See
11 Decl. Of David L. Price, Ex. 4.  Second, Plaintiff appended her
12 signature to an Adjustable Rate Note that also referred to the
13 Pledge and Security Agreement as providing additional rights in
14 the form of a secured interest in favor of the Morgan Stanley
15 Credit Corporation, Morgan Stanley's lending affiliate, as to the
16 Survivor's Trust Account.  See id. at Ex. 1.  Third, the Deed of
17 Trust on the Rocklin property Plaintiff purchased again refers to
18 the Pledge and Security Agreement as furnishing additional
19 recourse.  Id. at Ex. 3.

20     On September 26, 2007, after she purchased the property but
21 well before the February 25, 2011 commencement of this case,
22 Plaintiff executed an additional document pertaining to her IRA,
23 entitled as a Morgan Stanley Advisory Program Client Services
24 Agreement.  That Agreement included the same Arbitration of
25 Controversies provision that Plaintiff had previously
26 acknowledged in the Active Assets Account Client Agreement signed
27 in 2006 before she purchased the Rocklin property.
28 ///

1  Although that 2007 Agreement, like its 2006 predecessors,
2  referred to either the National Association of Securities
3  Dealers, Inc. ("NASD") or the New York Stock Exchange, Inc.
4  ("NYSE") as the appropriate venue for arbitration, in 2009 the
5  arbitration functions of both entities were combined within
6  FINRA.  See Karsner v. Lothian, 532 F.3d 876, 879 n.1 (D.C. Cir.
7  2008); Valentine Capital Asset Mgt., Inc. v. Agahi, 174 Cal. App.
8  4th 606, 608 n.2 (2009).
9       Plaintiff, as Trustee of the Johannsen Family Trust,
10 ultimately defaulted on the loan provided by the Morgan Stanley
11 Credit Corporation and foreclosure proceedings were commenced.
12 As indicated above, on February 25, 2011, Plaintiff, in both her
13 individual capacity and as a trust fiduciary, filed the present
14 case in state court.  Plaintiffs' lawsuit, as subsequently
15 removed here on diversity grounds, seeks, inter alia, to have the
16 security interest provided as to the Survivor's Trust deemed void
17 and ineffective.  Plaintiffs claim that Morgan Stanley cannot
18 claim a security interest both in the real property and the
19 Survivor's Trust Account as collateral for the subject loan.
20 Plaintiffs also allege, on a more general level, that Morgan
21 Stanley mismanaged the securities accounts opened by Plaintiffs
22 (whether by Ms. Johannsen individually or in her capacity as
23 Trustee of the Family Trust or the Survivor's Trust) ever since
24 those accounts were opened beginning in 2002.
25 ///
26 ///
27 ///
28 ///

5

1    Morgan Stanley subsequently demanded that Plaintiffs submit
2 their claims to arbitration pursuant to the various agreements to
3 that effect referenced above.  Plaintiffs have refused to do so,
4 therefore prompting the motion to compel now before the Court for
5 disposition, along with Defendants' request that the matter be
6 stayed pending arbitration.

## STANDARD

Where agreements to arbitrate are found in written agreements pertaining to securities accounts, as they are here, such agreements are <u>per se</u> evidence of transactions in interstate commerce and are accordingly subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA").  <u>See</u>, <u>e.g.</u>, <u>Austin Municipal Secur., Inc. v. NASD</u>, 757 F.2d 676, 697 (5th Cir. 1985).

Section 4 of the FAA authorizes a motion to compel as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court.... for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

The FAA goes on, at Section 3, to provide authority for staying an action pending arbitration:

///
///
///
///

1
2
3
4
5
6
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...

7 Id. at § 3.

8      In accordance with Section 3, then courts have recognized
9 three prerequisites that must be satisfied in order to compel
10 arbitration: 1) there must be a valid arbitration agreement;
11 2) the dispute at issue must fall within its terms; and 3) a
12 party to the agreement must have refused to arbitrate.  See,
13 e.g., Zurich Am. Ins. Co. v. Watts Indus., Inc., 417 F.3d 682,
14 687 (7th Cir. 2005); Collins v. Int'l Dairy Queen, Inc., 2 F.
15 Supp. 2d 1465, 1468 (M.D. Ga. 1998).

16
17                           **ANALYSIS**
18
19      As set forth above, in 2006, immediately before entering
20 into the real estate transaction at issue in this case,
21 Mrs. Johannsen, as Trustee of the Survivor's Trust, agreed to a
22 provision whereby all controversies that "arise out of or
23 concern" Plaintiffs' "accounts, orders or transactions, or the
24 construction, performance, or breach of this or any other
25 agreement between the parties, whether entered into before or
26 after the Date the Account is opened, shall be determined by
27 arbitration only."  Ex. 7 to Abbott Decl., p. 20.
28 ///

That arbitration clause extended by its express terms to Morgan Stanley and its agents, including affiliated corporations. Id. Therefore, by its terms, the agreement applied to all of the Morgan Stanley entities sued by Plaintiffs herein.

Because the language employed in the arbitration agreement is sweeping in effect (both with respect to its subject matter and the parties covered), it must be considered a broad arbitration provision. See, e.g., Bono v. David, 147 Cal. App. 4th 1055, 1067 (2007) ("A 'broad' clause includes those using language such as '<u>any claim</u> arising from or *related to* this agreement", emphasis in original).  Broad language such as that employed by Morgan Stanley covers <u>any</u> claims rooted in the relationship created by the contract containing the arbitration clause. See EFund Capital Partners v. Pless, 150 Cal. App. 4th 1311, 1323 (2007); Shepard v. Edward Mackay Enterprises, Inc., 148 Cal. App. 4th 1092, 1096 (2007).

Moreover, Plaintiffs cannot reasonably claim any surprise at the arbitration clause. The Active Assets Account Application signed by Mrs. Johannsen, as Trustee of the Survivor's Trust, in 2006 contained a conspicuous notification as to arbitration immediately above her signature. Ex. 6 to Abbott Decl., p. 11.[3] It should also be mentioned that Mrs. Johannsen's very first agreement with Morgan Stanley in 2002 also contained a notification that the account was governed by arbitration.

---

[3] Given that conspicuous notification (as well as the fact that Mrs. Johannsen signed numerous Morgan Stanley documents containing arbitration provisions), Plaintiffs' claim that the arbitration clauses are procedurally unconscionable is hereby rejected.

8

Id. at Ex 1.  Further, additional documents executed after the real estate transaction but before any lawsuit was filed reiterated the same broad arbitration provision Plaintiff agreed to in 2006.

Plaintiffs' primary dispute with Morgan Stanley appears to be whether or not Morgan Stanley's mortgage affiliate can claim a security interest in both the real property Plaintiffs purchased, and in the Survivor's Trust to the extent funds in that Trust were pledged as additional collateral for the loan taken out to purchase the real property.  The Survivor's Trust was governed by a broad arbitration clause that extended, by its express terms, to Morgan Stanley affiliates like its lending company.  The real property purchase transaction explicitly included a Pledge and Security Agreement providing the Survivor's Trust as further loan collateral.  Consequently, Plaintiffs cannot realistically argue that the Pledge did not "arise out of or concern" the Survivor's Trust, any disagreements as to which were deemed subject to arbitration.  Therefore, arbitration is indicated.

While Plaintiffs argue that the Pledge was substantively unconscionable, and that Defendants cannot seek recourse both in the real property itself and in Plaintiff's Morgan Stanley accounts, whether or not the Pledge is ultimately unenforceable goes beyond the initial question as to whether arbitration should be compelled.  Nothing in this order precludes Plaintiffs from arguing unconscionability in the context of arbitration proceedings in this matter.

///

///

9

Finally, while Plaintiffs allege that forcing Plaintiffs to arbitrate this matter before FINRA is fundamentally unfair and should not be enforced, California Courts have long found that FINRA (as the successor to NASD and NYSE) rules for arbitrating disputes between brokerage firms and their customers are not unconscionable.  Therefore Plaintiffs' objection to arbitration pursuant to FINRA is rejected.  See, e.g., Brown v. Wells Fargo Bank, N.A., 168 Cal. App. 4th 938, 957-58 (2008); Parr v. Superior Court, 139 Cal. App. 3d 440, 446-47 (1983).

**CONCLUSION**

Based on the foregoing, Defendants Motion to Compel Arbitration (ECF No. 8) is GRANTED.  Plaintiffs are ordered to submit their claims to arbitration, under the auspices of FINRA, within thirty (30) days.  Since arbitration proceedings would appear to resolve most if not all of Plaintiffs' claims as set forth in the Complaint herein, the proceedings in this Court are stayed pending completion of arbitration, or upon further order of the Court.

IT IS SO ORDERED.

Dated: January 10, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE