UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOANNE JOHANNSEN, individually       No. 2:11-cv-01516-MCE-KJN
and as TRUSTEES of The
JOHANNSEN FAMILY TRUST Dated
October 18, 1988, and The
JOHANNSEN FAMILY SURVIVORS
TRUST Dated October 18, 1988,

          Plaintiffs,

     v.                              MEMORANDUM AND ORDER

MORGAN STANLEY CREDIT
CORPORATION, a Delaware
corporation; et al.,

          Defendants.

                    ----oo0oo----


     Presently before the Court is Defendants' motion seeking an

order compelling Plaintiffs (both Joanne Johannsen individually

and in her capacity as trustee of two family trusts) to submit

their claims, as set forth in the complaint on file herein, to

arbitration under the auspices of the Financial Regulatory

Authority, Inc. ("FINRA").

///

                              1

Defendants further request an order staying all proceedings in this matter pending completion of that arbitration.  As set forth below, Defendants' motion will be granted.[1]

**BACKGROUND**

In approximately 2002, following the death of her husband, Plaintiff Joanne Johannsen ("Plaintiff" or "Ms. Johannsen") met Russell Abbott, a representative for Morgan Stanley Smith Barney,[2] at an investment seminar in Rocklin, California. Ms. Johannsen subsequently engaged Mr. Abbott's assistance in handling certain of her investments.

On November 21, 2002, Plaintiff opened an Individual Retirement Account with Morgan Stanley by executing an IRA Adoption Agreement.  See Decl. of Russell Abbott, Ex. 1. Immediately above Plaintiff's signature on that document, a statement in bold type memorialized Ms. Johannsen's understanding that the account was governed by a predispute arbitration clause, a copy of which she acknowledged receiving.

In 2006, Plaintiff decided to purchase real property in Rocklin and was advised by Mr. Abbott that Morgan Stanley could provide the necessary financing for that transaction.  Pl.'s Decl., ¶ 7.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[2] Plaintiffs have sued Morgan Stanley Smith Barney along with several Morgan Stanley affiliates.  For purposes of this order the Court will refer to Defendants collectively as "Morgan Stanley" unless otherwise indicated.

1 In order to arrange that financing, Plaintiff, as Trustee of the

2 so-called Survivor's Trust, executed on October 26, 2006 an

3 Active Assets Account Agreement.  Ex. 6 to Abbott Decl.   That

4 Account Agreement, in turn, incorporated the terms of the Morgan

5 Stanley Active Assets Account Client Agreement.  Id. at Ex. 7.

6    The Account Agreement contained a boldfaced admonition, also

7 above Plaintiff's signature and further highlighted by placement

8 in a box format, that confirmed Plaintiff's understanding that

9 the Survivor's Trust Account was governed by a predispute

10 arbitration clause, as stated within the Client Agreement, which

11 Plaintiff acknowledged receiving.  Ex. 6 at p. 11.  The Client

12 Agreement provided for arbitration as follows:

13    Arbitration of Controversies*

14 You*** agree that **all controversies between you and
your principals or agents and Morgan Stanley or any of
15 its agents** (including affiliated corporations) arising
out of or concerning any of your accounts, order or
16 transactions, or the construction, performance, or
breach of this or any other agreement between the
17 parties, **whether entered into before or after the date
the Account is opened, shall be determined by
18 arbitration only.**  Such arbitration shall be conducted
before the National Association of Securities Dealers,
19 Inc., the New York Stock Exchange, Inc., or any other
self-regulatory organization's arbitration forum before
20 which the controversy may be arbitrated, as you may
elect.  If you make no written election addressed to
21 Morgan Stanley at 2000 Westchester Avenue, Purchase, NY
10577, Attn: Law Department by registered mail within
22 five days after receiving a written demand for
arbitration from Morgan Stanley, then you authorize
23 Morgan Stanley to elect one of the above-listed forums
for you.

24
The rules of the selected forum, as such rules may be
25 amended from time to time, shall govern any arbitration
proceeding between the parties any interpretation of
26 this arbitration agreement.

27
* [Omitted]
28

3

1        \*\*\* "You" for purposes of this provision shall mean
2        you, your heirs, successors, assigns, agents,
     principals and/or any other persons having or claiming
3        to have a legal or beneficial interest in your Account,
     including any court appointed trustees or receivers.

4   **Id.** at Ex. 7, p. 20 (emphasis added).

5       Following execution of the account agreement, Plaintiff

6   executed three documents on November 17, 2006, for purposes of

7   consummating the real estate transaction in her capacity as

8   Trustee of the Johannsen Family Trust.  First, she signed a

9   Pledge and Security Agreement providing the Survivor's Trust

10  Account as collateral for the $371,500 loan she received.  <u>See</u>

11  Decl. Of David L. Price, Ex. 4.  Second, Plaintiff appended her

12  signature to an Adjustable Rate Note that also referred to the

13  Pledge and Security Agreement as providing additional rights in

14  the form of a secured interest in favor of the Morgan Stanley

15  Credit Corporation, Morgan Stanley's lending affiliate, as to the

16  Survivor's Trust Account.  <u>See</u> <u>id.</u> at Ex. 1.  Third, the Deed of

17  Trust on the Rocklin property Plaintiff purchased again refers to

18  the Pledge and Security Agreement as furnishing additional

19  recourse.  <u>Id.</u> at Ex. 3.

20      On September 26, 2007, after she purchased the property but

21  well before the February 25, 2011 commencement of this case,

22  Plaintiff executed an additional document pertaining to her IRA,

23  entitled as a Morgan Stanley Advisory Program Client Services

24  Agreement.  That Agreement included the same Arbitration of

25  Controversies provision that Plaintiff had previously

26  acknowledged in the Active Assets Account Client Agreement signed

27  in 2006 before she purchased the Rocklin property.

28  ///

Although that 2007 Agreement, like its 2006 predecessors, referred to either the National Association of Securities Dealers, Inc. ("NASD") or the New York Stock Exchange, Inc. ("NYSE") as the appropriate venue for arbitration, in 2009 the arbitration functions of both entities were combined within FINRA.  See Karsner v. Lothian, 532 F.3d 876, 879 n.1 (D.C. Cir. 2008); Valentine Capital Asset Mgt., Inc. v. Agahi, 174 Cal. App. 4th 606, 608 n.2 (2009).

Plaintiff, as Trustee of the Johannsen Family Trust, ultimately defaulted on the loan provided by the Morgan Stanley Credit Corporation and foreclosure proceedings were commenced. As indicated above, on February 25, 2011, Plaintiff, in both her individual capacity and as a trust fiduciary, filed the present case in state court.  Plaintiffs' lawsuit, as subsequently removed here on diversity grounds, seeks, inter alia, to have the security interest provided as to the Survivor's Trust deemed void and ineffective.  Plaintiffs claim that Morgan Stanley cannot claim a security interest both in the real property and the Survivor's Trust Account as collateral for the subject loan. Plaintiffs also allege, on a more general level, that Morgan Stanley mismanaged the securities accounts opened by Plaintiffs (whether by Ms. Johannsen individually or in her capacity as Trustee of the Family Trust or the Survivor's Trust) ever since those accounts were opened beginning in 2002.

///

///

///

///

1    Morgan Stanley subsequently demanded that Plaintiffs submit

2  their claims to arbitration pursuant to the various agreements to

3  that effect referenced above.  Plaintiffs have refused to do so,

4  therefore prompting the motion to compel now before the Court for

5  disposition, along with Defendants' request that the matter be

6  stayed pending arbitration.

7

8                              **STANDARD**

9

10   Where agreements to arbitrate are found in written

11 agreements pertaining to securities accounts, as they are here,

12 such agreements are per se evidence of transactions in interstate

13 commerce and are accordingly subject to the Federal Arbitration

14 Act, 9 U.S.C. § 1, et seq. ("FAA").  See, e.g., Austin Municipal

15 Secur., Inc. v. NASD, 757 F.2d 676, 697 (5th Cir. 1985).

16   Section 4 of the FAA authorizes a motion to compel as

17 follows:

18       A party aggrieved by the alleged failure, neglect, or
         refusal of another to arbitrate under a written
19       agreement for arbitration may petition any United
         States district court.... for an order directing that
20       such arbitration proceed in the manner provided for in
         such agreement.
21

22 9 U.S.C. § 4.

23   The FAA goes on, at Section 3, to provide authority for

24 staying an action pending arbitration:

25 ///

26 ///

27 ///

28 ///

                                6

1   |   If any suit or proceeding be brought in any of the
2   |   courts of the United States upon any issue referable to
    |   arbitration under an agreement in writing for such
3   |   arbitration, the court in which such suit is pending,
    |   upon being satisfied that the issue involved in such
4   |   suit or proceeding is referable to arbitration under
    |   such an agreement, shall on application of one of the
5   |   parties stay the trial of the action until such
    |   arbitration has been had in accordance with the terms
6   |   of the agreement...

7   Id. at § 3.

8       In accordance with Section 3, then courts have recognized

9   three prerequisites that must be satisfied in order to compel

10  arbitration: 1) there must be a valid arbitration agreement;

11  2) the dispute at issue must fall within its terms; and 3) a

12  party to the agreement must have refused to arbitrate.  See,

13  e.g., Zurich Am. Ins. Co. v. Watts Indus., Inc., 417 F.3d 682,

14  687 (7th Cir. 2005); Collins v. Int'l Dairy Queen, Inc., 2 F.

15  Supp. 2d 1465, 1468 (M.D. Ga. 1998).

16

17                          **ANALYSIS**

18

19      As set forth above, in 2006, immediately before entering

20  into the real estate transaction at issue in this case,

21  Mrs. Johannsen, as Trustee of the Survivor's Trust, agreed to a

22  provision whereby all controversies that "arise out of or

23  concern" Plaintiffs' "accounts, orders or transactions, or the

24  construction, performance, or breach of this or any other

25  agreement between the parties, whether entered into before or

26  after the Date the Account is opened, shall be determined by

27  arbitration only."  Ex. 7 to Abbott Decl., p. 20.

28  ///

1 That arbitration clause extended by its express terms to Morgan
2 Stanley and its agents, including affiliated corporations.  Id.
3 Therefore, by its terms, the agreement applied to all of the
4 Morgan Stanley entities sued by Plaintiffs herein.

5     Because the language employed in the arbitration agreement
6 is sweeping in effect (both with respect to its subject matter
7 and the parties covered), it must be considered a broad
8 arbitration provision.  See, e.g., Bono v. David,
9 147 Cal. App. 4th 1055, 1067 (2007) ("A 'broad' clause includes
10 those using language such as 'any claim arising from or related
11 to this agreement", emphasis in original).  Broad language such
12 as that employed by Morgan Stanley covers any claims rooted in
13 the relationship created by the contract containing the
14 arbitration clause.  See EFund Capital Partners v. Pless,
15 150 Cal. App. 4th 1311, 1323 (2007); Shepard v. Edward Mackay
16 Enterprises, Inc., 148 Cal. App. 4th 1092, 1096 (2007).

17     Moreover, Plaintiffs cannot reasonably claim any surprise at
18 the arbitration clause.  The Active Assets Account Application
19 signed by Mrs. Johannsen, as Trustee of the Survivor's Trust, in
20 2006 contained a conspicuous notification as to arbitration
21 immediately above her signature.  Ex. 6 to Abbott Decl., p. 11.[3]
22 It should also be mentioned that Mrs. Johannsen's very first
23 agreement with Morgan Stanley in 2002 also contained a
24 notification that the account was governed by arbitration.

25

26     [3] Given that conspicuous notification (as well as the fact
27 that Mrs. Johannsen signed numerous Morgan Stanley documents
containing arbitration provisions), Plaintiffs' claim that the
28 arbitration clauses are procedurally unconscionable is hereby
rejected.

1  Id. at Ex 1.  Further, additional documents executed after the
2  real estate transaction but before any lawsuit was filed
3  reiterated the same broad arbitration provision Plaintiff agreed
4  to in 2006.

5       Plaintiffs' primary dispute with Morgan Stanley appears to
6  be whether or not Morgan Stanley's mortgage affiliate can claim a
7  security interest in both the real property Plaintiffs purchased,
8  and in the Survivor's Trust to the extent funds in that Trust
9  were pledged as additional collateral for the loan taken out to
10 purchase the real property.  The Survivor's Trust was governed by
11 a broad arbitration clause that extended, by its express terms,
12 to Morgan Stanley affiliates like its lending company.  The real
13 property purchase transaction explicitly included a Pledge and
14 Security Agreement providing the Survivor's Trust as further loan
15 collateral.  Consequently, Plaintiffs cannot realistically argue
16 that the Pledge did not "arise out of or concern" the Survivor's
17 Trust, any disagreements as to which were deemed subject to
18 arbitration.  Therefore, arbitration is indicated.

19      While Plaintiffs argue that the Pledge was substantively
20 unconscionable, and that Defendants cannot seek recourse both in
21 the real property itself and in Plaintiff's Morgan Stanley
22 accounts, whether or not the Pledge is ultimately unenforceable
23 goes beyond the initial question as to whether arbitration should
24 be compelled.  Nothing in this order precludes Plaintiffs from
25 arguing unconscionability in the context of arbitration
26 proceedings in this matter.
27 ///
28 ///

1    Finally, while Plaintiffs allege that forcing Plaintiffs to

2   arbitrate this matter before FINRA is fundamentally unfair and

3   should not be enforced, California Courts have long found that

4   FINRA (as the successor to NASD and NYSE) rules for arbitrating

5   disputes between brokerage firms and their customers are not

6   unconscionable.  Therefore Plaintiffs' objection to arbitration

7   pursuant to FINRA is rejected.  See, e.g., Brown v. Wells Fargo

8   Bank, N.A., 168 Cal. App. 4th 938, 957-58 (2008); Parr v.

9   Superior Court, 139 Cal. App. 3d 440, 446-47 (1983).

10

11                            **CONCLUSION**

12

13    Based on the foregoing, Defendants Motion to Compel

14   Arbitration (ECF No. 8) is GRANTED.  Plaintiffs are ordered to

15   submit their claims to arbitration, under the auspices of FINRA,

16   within thirty (30) days.  Since arbitration proceedings would

17   appear to resolve most if not all of Plaintiffs' claims as set

18   forth in the Complaint herein, the proceedings in this Court are

19   stayed pending completion of arbitration, or upon further order

20   of the Court.

21    IT IS SO ORDERED.

22

23   Dated: January 10, 2012

24

25                            MORRISON C. ENGLAND, JR.

26                            UNITED STATES DISTRICT JUDGE

27

28

10