1  **DAVID L. PRICE   (SBN) 88696**
   LAW OFFICES OF DAVID L. PRICE
2  3300 Douglas Blvd., Suite 125
   Roseville, CA 95661
3  Tel: (916) 772-8600
   Fax: (916) 772-5357
4
5  **JEFFREY H. OCHRACH (SBN) 131027**
   OCHRACH LAW GROUP
   5701 Lonetree Blvd., Suite 213
6  Rocklin, CA 95765
   Tel: (916) 626- 6880
7  Fax: (916) 626-3331
8
   Attorneys for Plaintiffs
9
10
11            IN THE UNITED STATES DISTRICT COURT
12            EASTERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| JOANNE JOHANNSEN, individually and as TRUSTEES of The JOHANNSEN FAMILY TRUST Dated October 18, 1988, and The JOHANNSEN FAMILY SURVIVORS TRUST Dated October 18, 1988 | **CASE NO.**: **2:11-CV-01516-MCE-KJN** |
| Plaintiff, | **PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION FOR RECONSIDERATION;** **ORDER THEREON** |
| v. | |
| MORGAN STANLEY CREDIT CORPORATION, a Delaware corporation; MORGAN STANLEY DW, INC., a Delaware corporation; MORGAN STANLEY SMITH BARNEY GLOBAL IMPACT FUNDING TRUST, INC., a Maryland corporation; MORGAN STANLEY HOME LOANS, a business association; MORGAN STANLEY SMITH BARNEY, a business association; DOES 1- 100, Inclusive, | Date:  April 5, 2012 Time:  2:00 p.m. Dept:  Courtroom 7 Judge: Hon. Morrison C. England, Jr. |
| Defendants. | |

**TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that plaintiff JOANNE JOHANNSEN, individually and as TRUSTEE of The JOHANNSEN FAMILY TRUST Dated October 18, 1988, and The

JOHANNSEN FAMILY SURVIVORS TRUST Dated October 18, 1988, hereby moves the Court for an order shortening time allowing the Court to thereby hear, on such shortened time, the plaintiff's accompanying motion asking the Court to vacate its prior Memorandum and Order, entered herein on January 10, 2012, and to thereafter reconsider and deny the defendants' prior motion to compel arbitration.

This request for an order shorting time is based upon the following facts, more fully described in the accompanying Declaration of David L. Price, counsel for plaintiff.

1. Upon receipt of the Court's Memorandum and Order requiring the parties to submit their dispute to binding arbitration under the auspices of FINRA, plaintiff, though her legal counsel, contacted FINRA and obtained an application to formally and properly submit the matter.

2. Plaintiff's counsel had several conversations with FINRA representatives and thereafter completed FINRA's rather extensive application.

3. Following FINRA's review of the application, its management staff contacted Mr. Price advising of FINRA's concern that it was being asked to arbitrate what appeared to FINRA to be a real estate dispute about which FINRA had no particular expertise.  Mr. Price reiterated that there was a court order compelling such a procedure and FINRA accepted the application for processing.

4. On March 15, 2012, plaintiff's counsel received a letter dated March 13, 2012 in which FINRA advised that Morgan Stanley DW Inc.'s FINRA membership has been terminated, as a result of which Morgan Stanley cannot compel a party to arbitrate with FINRA (notwithstanding a writing which so requires).

5. Plaintiff was specifically advised that FINRA's Code of Arbitration Procedure "prohibits any FINRA member whose membership is terminated, suspended, canceled or revoked . . . from enforcing predispute arbitration agreements with its customers to arbitrate with FINRA."  FINRA also advised that it was nonetheless willing to host such a proceeding but ONLY if Ms. Johannsen so stipulates.

6. **Plaintiff Johannsen does NOT desire to arbitrate, particularly with FINRA.**

7. Perhaps most importantly, at least with respect to this motion for an order shortening time and the urgency created thereby, the FINRA letter only gives Ms. Johannsen until April 17, 2012 to decide and in fact states they it will arrange the arbitration unless plaintiff advises FINRA that she does NOT want to do so. Plaintiff cannot bring this matter to the Court's attention other than on shortened time and therefore files this application and the accompanying motion for reconsideration.

Based upon the foregoing particulars and all of those facts and contentions set forth in the attached motion, plaintiff respectfully asks the Court to shorten time and to allow the filing and hearing of this motion. Plaintiff further asks the Court to impose a deadline by which defendants must object to the accompanying motion - should they elect to do so.

Respectfully submitted,

March 19, 2012                LAW OFFICES OF DAVID L. PRICE

_____
David L. Price
Attorney for Plaintiff

---

## **ORDER SHORTENING TIME**

Plaintiff's application for an Order Shortening Time having come to the attention of the Court and good cause appearing therefrom,

IT IS HEREBY ORDERED as follows:

The plaintiff's request shall be and hereby is granted.  The Court will accept and consider the plaintiff's motion for reconsideration and will do so on shortened time.  A hearing on said motion is scheduled for April 5, 2012 at 2:00 p.m. in Department 7.  Written opposition to the motion for reconsideration, if any, shall be filed and served by defendants on or before March 27, 2012, 2012.  A reply memorandum by plaintiff, if any, shall be filed and served on or before April 2, 2012.

IT IS SO ORDERED.

Dated: March 20, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

**PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME ON MOTION FOR RECONSIDERATION;  ORDER THEREON**
Johannsen v. Morgan Stanley Credit Corporation - No. 2:11-cv-01516-MCE-KJN

Johan.D5207app