UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

JOANNE JOHANNSEN, individually
and as TRUSTEES of The JOHANNSEN
FAMILY TRUST Dated October 18,
1988, and The JOHANNSEN FAMILY
SURVIVORS TRUST Dated
October 18, 1988,

     Plaintiff,

  v.

MORGAN STANLEY CREDIT
CORPORATION, a Delaware
corporation; MORGAN STANLEY
DW, INC., a Delaware
corporation; MORGAN STANLEY
SMITH BARNEY GLOBAL IMPACT
FUNDING TRUST, INC., a
Maryland corporation; MORGAN
STANLEY HOME LOANS, a business
association; MORGAN STANLEY
SMITH BARNEY, a business
association; DOES 1-100,
Inclusive,

     Defendants.

No. 2:11-cv-01516-MCE-KJN

**ORDER**

----oo0oo----

1

1    On January 11, 2012, this Court issued its Memorandum and
2 Order (Docket No. 726) which granted Defendant's Motion to Compel
3 arbitration (ECF No. 8) and ordered Plaintiff to submit her
4 claims in this matter to arbitration, under the auspices of the
5 Financial Regulatory Authority, Inc. ("FINRA") within thirty (30)
6 days.  Now before the Court is Plaintiff's request that the Court
7 reconsider its order compelling arbitration.
8    A court should not revisit its own decisions unless
9 extraordinary circumstances show that its prior decision was
10 wrong.  Christianson v. Colt Indus. Operating Corp., 486 U.S.
11 800, 816, 108 S. Ct. 2166 (1988).  Reconsideration may be
12 appropriate if the district court 1) is presented with newly
13 discovered evidence; 2) has committed clear error or issued an
14 initial decision that was manifestly unjust; or 3) is presented
15 with an intervening change in controlling law.  See Turner v.
16 Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir.
17 2003); School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5
18 F.3d 1255, 1263 (9th Cir. 1993)(citations and quotations
19 omitted).  Local Rule 230(j) similarly requires a party seeking
20 reconsideration to demonstrate "what new or different facts or
21 circumstances are claimed to exist which did not exist or were
22 not shown upon such prior motion, or what other grounds exist for
23 the motion," and "why the facts or circumstances were not shown
24 at the time of the prior motion."
25 ///
26 ///
27 ///
28 ///

2

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Ayala v. KC Envtl. Health, 426 F. Supp. 2d 1070, 1098 (E.D. Cal. 2006) (emphasis in original) (internal citations omitted). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are accordingly not sufficient. Reconsideration requests are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., supra, 338 F.3d at 1063.

Plaintiff brought this motion on grounds that once she attempted to comply with the Court's order and contact FINRA for purposes of scheduling arbitration, she was informed that Morgan Stanley's FINRA membership had been terminated, and that therefore Morgan Stanley could not compel her to submit the instant controversy to arbitration before FINRA. She points to a letter to that effect from FINRA indicating that "[t]he Code of Arbitration Procedure prohibits any FINRA member whose membership is terminated... from enforcing predispute arbitration agreements with its customers to arbitrate at FINRA, unless the customers agree in writing to do so after the claim has arisen." FINRA letter dated March 13, 2012, attached as Exh. 1 to the Supplemental Decl. of David L. Price. Arguing that this information represents newly discovered evidence plainly germane to the Court's decision, and arguing that she does not wish to submit her claims to arbitration, Plaintiff asks that the Court revisit its decision accordingly.

///
///

3

1 She goes on to contend sanctions against Morgan Stanley are
2 appropriate because the company should have known about its
3 lapsed status with FINRA all along, but nonetheless forced
4 Plaintiff to incur substantial costs and delays in opposing an
5 unsustainable motion to compel.[1]
6     Morgan Stanley, for its part, indicates that a careful
7 reading of FINRA's letter indicates that it only pertains to
8 Morgan Stanley, DW, Inc., an organization that no longer existed
9 given its 2007 merger into Morgan Stanley & Co.  Like Plaintiff,
10 Morgan Stanley also requests sanctions, in its case for having to
11 oppose Plaintiff's motion.  Morgan Stanley argues that it had
12 disclosed that merger in previous filings, and that therefore the
13 motion for reconsideration is plainly lacking.  As Morgan Stanley
14 points out, there is, in fact, distinguishing language in the
15 March 13, 2012 FINRA letter to the effect that if Plaintiff "does
16 want to proceed against any remaining respondents, the claimant
17 must submit a revised Submission Agreement and Amended Statement
18 of Claim identifying only the appropriate parties and the
19 allegations and damages against each named party on or before
20 April 17, 2012."  Id. at p. 2.
21     Plaintiff's submission papers to FINRA do include Morgan
22 Stanley & Co., Inc. as well as Morgan Stanley Credit Corporation,
23 Morgan Stanley Home Loans, Morgan Stanley Smith Barney Global
24 Impact Funding Trust, Inc. and Morgan
25 Stanley Smith Barney, LLC.
26 ///

---

28     [1]As detailed in Plaintiff's reply papers, Plaintiff subsequently dropped its sanctions request in this matter.

4

1  Morgan Stanley DW, Inc. itself is only listed as an "aka" for
2  Morgan Stanley & Co., Inc., a designation which arguably reflects
3  Morgan Stanley DW's prior status.
4       Consequently, in the Court's view, FINRA's letter is less
5  than a model of clarity, especially given Plaintiff's
6  comprehensive arbitration request.  Morgan Stanley DW, Inc.
7  appears to have been properly designated, so the Court can
8  appreciate Plaintiff's confusion upon receipt of the letter even
9  though the letter does mention the fact that Plaintiff may still
10 proceed against the other Morgan Stanley entities.
11      Nonetheless, as indicated above a careful reading of the
12 letter does indicate that Plaintiff can still proceed under the
13 auspices of FINRA against the active Morgan Stanley companies,
14 and consequently there are no new facts here which would justify
15 reconsideration at this juncture.  Plaintiff's Motion for
16 Reconsideration (ECF No. 27) is accordingly DENIED.[2]  The
17 parties' respective requests for sanctions are also DENIED.
18 Plaintiff is directed to file the appropriate documents as
19 requested by FINRA to commence arbitration not later than April
20 17, 2012.
21      IT IS SO ORDERED.
22 Dated: April 10, 2012

                              _____
                              MORRISON C. ENGLAND, JR
                              UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).